JUNE 2, 1802.

# Elijah Stapp *v.* John Howdershell.

*Upon an appeal from a judgment of the Danville District Court.*

Where A delivered the bond of a third party to B, agreeing that if he (A) did not pay B a negro slave by a certain day, the bond should become forfeited to B—*Held:* That B being in possession of his forfeit, could maintain no action against A for failing to deliver the negro by the day specified.

By the instrument of writing containing the agreement of, and executed by, the parties, and upon which the suit is founded, it appears that Stapp, on the day of executing the agreement, delivered to Howdershell a bond executed by John Hunt, junior, of Bourbon county, for two negroes, which Howdershell was to keep if Stapp should not deliver to him one negro boy or man over fifteen years of age, and not to exceed thirty, to be sensible and sound; and if Stapp should not pay to Howdershell, by the first day of November, the said boy or man, the bond on Hunt was to be the property of Howdershell, and he was to have no recourse to Stapp.

The negro boy or man was not paid, and of course Hunt's bond, according to the tenor of the agreement, became the absolute property of Howdershell; consequently Howdershell had no cause of action against Stapp, inasmuch as he was in possession of the forfeit which accrued on Stapp's failure to deliver the negro boy or man. The judgment, therefore, which was rendered against Stapp in the court below is erroneous and without foundation, and must be reversed.

Therefore, it is considered by the court, that the judgment aforesaid be reversed and set aside, and that the appellant recover of the appellee his costs in this behalf expended; which is ordered to be certified to the said court.